UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

February 18, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *William G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-0731-DRM

Dear Counsel:

On March 5, 2025, Plaintiff William G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 11, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income Benefits ("SSI") on October 19, 2021, alleging a disability onset of November 30, 2019. Tr. 11. Plaintiff's claims were denied initially and on reconsideration. Tr. 11. On May 13, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 11. Following the hearing, on May 28, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 8-28. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on March 5, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*William G. v. Frank Bisignano*
Civil No. 25-0731-DRM
February 18, 2026
Page 2

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since October 19, 2021, the application date." Tr. 13. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "thrombophilia with MTHFR mutation; diabetes; hypertensive retinopathy; nuclear sclerosis; generalized anxiety disorder; major depressive disorder; and obesity." Tr. 13. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 14. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to four hours of standing and walking. He can frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds. He can occasionally stoop and crouch and tolerate only occasional exposure to extreme cold and heat. He cannot perform work that requires fine visual acuity. He is limited to performing simple, routine, repetitive tasks not performed at a production rate pace with simple decision making.

Tr. 16-22. The ALJ determined that Plaintiff did not have any past relevant work but could perform jobs that existed in significant numbers in the national economy, such as a router, collator operator, marker, stuffer, waxer, and document preparer. Tr. 23-24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In

*William G. v. Frank Bisignano*
Civil No. 25-0731-DRM
February 18, 2026
Page 3

conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.  ANALYSIS

On appeal, Plaintiff argues that the ALJ's finding is not supported by substantial evidence because the RFC limitation to work requiring only "simple, routine, repetitive tasks not performed at a production rate pace" is vague and inadequately defined for the vocational expert. Tr. 16. Plaintiff contends that neither the Social Security regulations nor the DOT define "production rate pace," and that the brief examples offered by the ALJ at the hearing, such as no assembly-line work or hourly quotas, did not sufficiently clarify the scope of the limitation or build a logical bridge between the evidence and the RFC. ECF No. 11 at 7-8. Plaintiff asserts that the lack of a clear definition renders the vocational expert's testimony unreliable and frustrates meaningful judicial review, requiring remand. *Id.* at 11.

In response, the Commissioner contends that that the ALJ's RFC limitation to work "simple, routine, repetitive tasks not performed at a production rate pace" is sufficiently clear, commonly understood, and permits meaningful judicial review when read in context. ECF No. 13 at 13. The Commissioner argues that the ALJ adequately explained the limitation by pairing it with restrictions to simple, routine, repetitive tasks and simple decision making, and by clarifying at the hearing that it excluded assembly-line work and hourly quotas. *Id.* at 11. According to the Commissioner, this case, considered as a whole, provides enough context to discern the intended limitation and is supported by substantial evidence, including unchallenged vocational expert testimony identifying jobs consistent with the RFC. *Id.* at 8. The Commissioner further asserts that Plaintiff forfeited any objection by failing to seek clarification or challenge the vocational expert's understanding of the limitation at the administrative hearing.[3] *Id.*

Courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual determinations" when reviewing for substantial evidence. *Trena Sue Y. v. Kijakazi*, No. DLB-20-1075, 2021 WL 4034264, at *2 (D. Md. Sept. 3, 2021). (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted)). Agency conclusions must be stated in terms the Court can understand for the Court to conduct substantial evidence review. "Whether the alleged ambiguity arose in the RFC assessment or the hypothetical is a distinction without a difference because the ALJ used the same term in the hypothetical and in the RFC discussion." *Trena Sue Y.* 2021 WL 4034264, at *3; *see Ursula G. v. Berryhill*, No. SAG-18-1841, 2019 WL 2233978, at *2 (D. Md. May 23, 2019) (noting a "deficient

---

[3] The Commissioner contends that Plaintiff forfeited any challenge to the language used in the hypothetical posed to the vocational expert by failing to raise the issue during the expert's testimony. In support, the Commissioner relies exclusively on decisions from the Middle District of North Carolina, which he cites without further explanation as to how their reasoning applies to the circumstances of this case. Those cases are not binding on this Court, and the Court has been unable to identify any controlling authority adopting such a forfeiture rule.

*William G. v. Frank Bisignano*
Civil No. 25-0731-DRM
February 18, 2026
Page 4

RFC assessment would also infect the hypothetical based on that assessment"). It is the Court's "independent duty to determine if the ALJ supported her findings with substantial evidence." *Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) (citing 42 U.S.C. § 405(g)).

In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit found that an ALJ's RFC limitation excluding work that "require[d] a production rate or demand pace" prevented meaningful judicial review because the ALJ failed to explain what those phrases meant. With "production rate" and "demand pace" left undefined, the court concluded that it was "difficult, if not impossible" to determine whether the RFC finding was supported by substantial evidence. Without deciding whether the RFC itself was substantively correct, the court remanded for "a clearer window into" the ALJ's reasoning. *Thomas,* 916 F.3d at 312 n.5. The panel emphasized that, on remand, the ALJ must clarify how long and under what conditions the claimant could sustain focus and remain on task. *Id.* And although *Thomas* identified other grounds for remand, later Fourth Circuit decisions have relied solely on the failure to define ambiguous RFC terms as sufficient justification for reversal. In *Trena Sue*, the court likened the use of the phrase "fast paced produced" to the terms in *Thomas*, both in "form and defect." *Trena Sue,* 2021 WL 4034264 at *4.

The term used here, "production rate pace," is analogous to the terms in *Thomas* ("production rate" or "demand pace") and *Trena Sue* ("no fast paced production"), in that it is not defined by regulation and is susceptible to varying interpretations. Additionally, the Court is not convinced that the vocational expert shared the ALJ's understanding of the term. The ALJ asked the vocational expert: "And are these positions deemed simple, routine, repetitive, not production pace rate? Meaning no assembly line type work, no hourly quotas. The work is done at a consistent pace with only occasional simple decision making?" Tr. 57-58. But this question, although clarifying that Plaintiff cannot work on an assembly line or in a setting that requires hourly quotas, still fails to clarify what "production rate pace" means.

Further, stating by implication that work "done at a consistent pace with only occasional simple decision making" would not be "production pace rate" does not further elucidate what production pace rate *is. See Angela W. v. Saul*, No. CBD-19-2083, 2021 WL 1215774, at *7 (D. Md. Mar. 31, 2021) (finding that while the ALJ generally explained which evidence she used to support her RFC assessment, she failed to explain the term "production rate pace," thereby frustrating judicial review and requiring remand). Similarly, in *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548 (4th Cir. Jan. 7, 2025), the Fourth Circuit held that the phrase "no fast paced production requirements such as assembly line work or piecemeal quotas" was not an adequate description of the limitation because "though the ALJ provided some examples, there [was] uncertainty as to the intended scope of the limitation, and such uncertainty preclude[d] meaningful review as to whether there is a logical bridge between the evidence in the record and the ALJ's conclusion." *Linger*, 2025 WL 40548, at *5 (citing *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (finding the ALJ failed to offer a definition for his RFC determination of "non-production oriented work setting" and that "[a]s a result, we remain uncertain as to what the ALJ intended ... and cannot meaningfully assess whether there is a logical bridge between the evidence

*William G. v. Frank Bisignano*
Civil No. 25-0731-DRM
February 18, 2026
Page 5

in the record and the ALJ's conclusion") (internal quotation marks omitted)). As used in the RFC here, the term "production rate pace" is ambiguous, and the decision provides no clarification as to its scope or how it relates to the evidence of record.

Without an explanation of what functional demands the limitation is intended to capture, the Court cannot determine whether the cited evidence supports the RFC finding. The absence of any articulated reasoning connecting the evidence to the inclusion of this limitation prevents meaningful judicial review and leaves the Court unable to assess whether the RFC is supported by substantial evidence. Accordingly, remand is required for the ALJ to clearly define the limitation and explain how it applies to Plaintiff's functional capacity.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge